**DAGWORTHY JONES, by his Guardian, ROBERT D. STOUT, v. WILLIAM BERRY, who married Rebecca Jones, Widow of Dagworthy Jones, and Mother of said Minor.**

Orphans' Court. Sussex. March 9, 1820.

*Ridgely's Notebook III, 47.*

*Robinson* for the appellant. *Cooper* for the appellee. . . .

The case was this: William Berry married the mother of Dagworthy Jones, who was a child by a former husband, when he, Jones, was an infant about four years of age. At that time, Jones, the infant, had no estate, real or personal. Berry maintained and educated him from the time of the marriage until he arrived to about the age of [——] [1] years when he was bound ap-

---

[1] Blank in manuscript.

prentice to Robert D. Stout, a hatter in Georgetown. In a short time after, Jones, the infant, chose the said Stout to be his guardian, who was regularly appointed by the Orphans' Court. After-wards Berry's wife, the mother of Jones, died; whereby about $1100, part of his mother's personal estate which had been held in trust for the separate use of his mother and for her children after her death, fell to this boy, Dagworthy Jones. Berry and his wife had been seised in fee of a real estate near Milton in right of the wife, which they sold to Stephen Coston for $4000, the trust money. This land was sold with the intention of purchasing land in Kent County, but she died before this intention could be effectuated. Had Mrs. Berry died before the sale of her land near Milton, Berry would have been tenant by the curtesy, for he had children by her; or had the purchase been made in Kent [Berry would have been tenant by the curtesy in this land].

Berry, as tutor or trustee, or as having maintained the said minor for several years, passed an account before the Register for the Probate of Wills etc. for Sussex County, wherein was allowed to him charges against the minor to the amount of $662.05. This account was passed as a kind of warrant, or authority, to justify the guardian in paying Berry whatever should be allowed to Berry. An appeal was taken to this Court.

THE CHANCELLOR said that Berry was entitled to a reasonable compensation for the maintenance of this child. That though his wife had some estate, yet Berry was under no obligation to maintain him, and now that this money or part of it has fallen to this child by the first husband, it was not more than equitable that Berry should be allowed for his maintenance; for if the land sold to Coston had been retained, Berry would have been tenant by the curtesy, and the children of the wife would have had nothing till after his death. This money was raised from that land sold, and the child is now able to pay. He referred to 1 Bro.C.C. 208 and East [——] [2] and said that was without this equitable circumstance in favor of Berry. He was of opinion that Berry ought to receive reasonable satisfaction. The account was corrected by striking out the charges for interest and for commissions, and by reducing the maintenance for the four first years to thirty-two dollars *per annum*.

---

[2] Blank in manuscript.